IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00892-WYD

BOLAND T. JONES, an individual, and MOUNTAIN STAR, LLC, a Georgia limited liability Company,

    Plaintiffs,

v.

CAMELOT ACQUISITION, LLC, a Kentucky limited liability company, G. TOWNSEND UNDERHILL III, G. TOWNSEND UNDERHILL IV, and JEFFERY A. UNDERHILL, individuals,

    Defendants.

## ORDER OF REMAND

On April 17 2009, Defendants filed a Notice of Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Defendants assert therein that the amount in controversy requirement is satisfied.  Further, Defendants assert that complete diversity exists between the parties.

After carefully reviewing the notice of removal and attachments, including the complaint, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the

complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal.  *Id.*  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  Thus, I turn to the notice of removal.  The notice of removal references the civil cover sheet filed in state court contemporaneously with the complaint which represents that a monetary judgment in excess of $100,000 is being sought.  Ex. C to Notice of Removal.  That is the only allegation in the notice of removal regarding the amount in controversy.

I find that the notice of removal and the reference therein to the civil cover sheet filed in state court is not sufficient to establish that the jurisdictional amount is satisfied. While some cases from this Court have held that the civil cover sheet is enough to establish the jurisdictional amount, the majority of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-00402-JLK-KMT, 2009 WL 535815, at *1 (D. Colo. 2009) (Judge Kane); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1 (D. Colo. 2009) (Judge Blackburn); *Baker v. Sears*

*Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007) (Judge Krieger); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, at *1 (D. Colo. 2007) (Judge Miller); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007).

As Judge Krieger noted in her detailed analysis in *Baker*, the Colorado Civil Cover Sheet is neither a pleading nor an exhibit and does not constitute reliable evidence of the amount in controversy. *Id.*, 557 F. Supp. 2d at 1215. Further, she found that the Civil Cover Sheet is too imprecise to make the required demonstration of the amount in controversy. *Id.* I agree with this analysis. Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I find that Defendants have not established subject matter jurisdiction over this action and the case must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Eagle, State of Colorado, from which the case was removed.

Dated: April 30, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge