IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00892-WYD-MEH

BOLAND T. JONES, an individual; and
MOUNTAIN STAR, LLC, a Georgia limited liability company,

    Plaintiffs,

v.

CAMELOT ACQUISITION, LLC, a Kentucky limited liability company;
G. TOWNSEND UNDERHILL, III;
G. TOWNSEND UNDERHILL, IV; and
JEFFREY A. UNDERHILL, individuals,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion for Reconsideration filed May 4, 2009.  Defendants seek reconsideration of the Order of Remand dated April 30, 2009.  In that Order I found that Defendants had not established subject matter jurisdiction over this case as they did not show that the amount in controversy for diversity jurisdiction exceeded $75,000.

Defendants argue in their motion that they referred to the allegations of the Complaint in their Notice of Removal and that the allegations of the Complaint are sufficient to show that the amount in controversy exceeds $75,000.  A response to the Motion for Reconsideration was filed on May 14, 2009.  A reply was filed on May 14, 2009.

I first agree with Plaintiff's response that reconsideration is not appropriate in connection with an Order of Remand. A removing party may cure faulty allegations in a notice of removal by filing an amended notice of removal pursuant to 28 U.S.C. § 1653. Following remand, however, "the district court is wholly deprived of jurisdiction to vacate or correct its remand order. The remand order returns the case to the state court and the federal court has no power to retrieve it." *Seedman v. United States Dist. Ct. for the Cent. Dist. of California,* 837 F.2d 413, 414 (9th Cir.1988). This is true "even if the district court's jurisdictional determination appears erroneous, so long as that determination was made in good faith." *Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1184 (10th Cir.1998).

Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand. *See e.g., Dalrymple,* 145 F.3d at 1184; *Whiddon Farms, Inc. v. Delta and Pine Land Co.,* 103 F. Supp. 2d 1310, 1311 (S.D. Ala.2000). Similarly, other district courts in this circuit, relying on opinions from both the Fourth and Eleventh Circuits, have determined that they do not have jurisdiction to consider remand orders. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschraft*, 67 F. Supp. 2d 1242, 1244-45 (D. Kan. 1999); *Scherer v. Merck & Co.*, No. 05-2019-CM, 2006 WL 2255689 (D. Kan. 2006). As noted by Judge Vratil of the United States District Court for the District of Kansas:

> "Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed . . ., and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition

>of principles of comity. The action must not ricochet back and forth
>depending upon the most recent determination of a federal court."

*Aetna*, 67 F. Supp. 2d at 1244-45 (quoting *In re La Providencia Development Corp.*, 406 F.2d 251, 252-53 (1st Cir.1969)).  This conclusion is based upon the plain language of § 1447(d), which states that a district court "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d); *see also Aetna*, 67 F. Supp. 2d at 1245.

In any event, I find that Defendants did not show that the allegations in the Complaint establish that the amount in controversy exceeds $75,000.  While the Complaint does reference in the factual allegations certain amounts paid by the parties which exceed $75,000, it does not state what amount of damages that Plaintiffs actually seek.  While Defendants may have been able to establish that the amounts discussed in the factual allegations do translate into the damages allegedly suffered by the Plaintiffs, they did not show this in their Notice of Removal.  In other words, Defendants did not affirmatively establish the amount in controversy in order to satisfy the narrow requirements set forth in the removal statute, and I am unable to conclusively determine from the face of the Complaint that the amounts stated in the factual allegations are the actual damages sought by Plaintiffs.  Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I find that a remand to state court was appropriate.

Accordingly, it is

ORDERED that Defendants' Motion for Reconsideration (Doc. # 6) is **DENIED**.

Dated: July 6, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge